## ELI WOOD *vs.* LOREN WILLIS.

The plaintiff and defendant bound themselves each to the other in a penal sum by an instrument under seal dated April 1, 1860, conditioned that whereas the plaintiff claimed damages for injury to his land by the defendant, by flowage in the summer season, and the parties had submitted to referees the amount of yearly damage, past and future, to be paid by the defendant to the plaintiff, now if the defendant should pay to the plaintiff the amount of past and future damage determined by the referees, said future damage to be paid annually on April 1, and the plaintiff should accept this amount, then the obligation should be void. A declaration in an action brought in 1871, on this instrument, calling it a bond, alleged that the referees awarded that the defendant should pay to the plaintiff a certain sum in full of all past damage by flowage up to the date of the bond, and a certain sum annually on April 1, so long as he should flow the land ; and that the defendant continued to flow the land since the date of the bond and award, but neglected to pay the sums due. *Held,* that the instrument was a bond; that the declaration set forth with sufficient certainty the continuous exercise by the defendant of the right of flowage since the award; that it was no objection to the award that it did not limit the extent of the right of flowage; and that the statute of limitations did not bar the defendant's liability to pay any of the sums which had become due under the award.

The defendant executed a bond to the plaintiff, reciting that the plaintiff owned certain land, and conditioned to pay the sum awarded by referees for flowing it. *Held,* in an action on the bond for failure to pay the sum awarded, that it was no defence that the plaintiff, although occupying the land at the time of the bond and award, was seised of only four undivided fifths of the fee thereof.

In an action on an award determining the amount to be paid annually for flowing land, one of the arbitrators testified, without objection, that they estimated the damages caused by flowing in summer only. *Held,* that no exception lay to the refusal of the judge to allow him to be asked on cross-examination why he did not so specify in the award, if the bill of exceptions did not show that the question was material.

CONTRACT. Writ dated August 25, 1871. The declaration was as follows : " The plaintiff says the defendant executed to him a bond, a copy of which is hereto annexed. And the plaintiff says the referees named in said bond awarded that the defendant should pay to the plaintiff the sum of thirty-six dollars in full of all damage on said meadows caused by flowage for the three years last past up to the first day of April 1860, and further awarded that the defendant should pay said plaintiff the sum of twelve dollars on or before the first day of April annually, so long as the defendant should cause said meadows to be flowed. And the plaintiff says that the defendant has continued to flow said meadows since the date of said bond and award ; that the defend-

ant was duly notified of said award; and that the plaintiff has often demanded payment of the several sums due, according to the terms of said award and bond; but that the defendant has wholly neglected and refused to pay the same."

The copy of the bond annexed was as follows : " Know all men by these presents, that Eli Wood and Loren Willis, both of Norton, in the county of Bristol, and Commonwealth of Massachusetts, are holden and stand firmly bound each to the other in the sum of five hundred dollars, which sum well and truly to be paid we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated the first day of April 1860. Eli Wood. [Seal.] Loren Willis. [Seal.] " " The consideration of this agreement is such, that whereas said Wood owns a certain tract of meadow land, situated in Norton, and lying on both sides of Rumford River, containing about four acres, more or less, and situated above the mill owned by said Willis, and said Wood claims damage on the said meadow from said Willis, caused by flowage in the summer season from said Willis's mill pond, and the said parties cannot agree upon the sum or amount of damage which said Willis shall pay said Wood ; and whereas the said parties have agreed to refer the amount of damages, if any, and what amount, both past and future, yearly damage said Willis shall pay said Wood, to Eddy Lincoln, Earl C. White and John Crane, all of Norton, referees mutually agreed upon and chosen by the parties to determine what amount of damage said Willis shall pay said Wood, both past and future, yearly damage on said meadow : Now if said Willis shall well and truly pay to said Wood the amount of damage for the three last years, and the amount of yearly damage for the future which shall be agreed upon and determined by said referees, and said Willis shall pay said Wood the amount of future yearly damage annually on or before the first day of April, and said Wood on his part shall accept and receive from said Willis the amount of damage which shall be agreed upon for the past and future from said Willis, as by certain agreement, then this obligation shall be void, otherwise to remain in full force."

The defendant demurred on the ground that the declaration did not state a legal cause of action substantially in accordance with the rules of law; because the instrument declared on was not a bond executed by the defendant to the plaintiff; because its conditions were not properly set forth, nor were the breaches, if any, properly assigned; because the conditions precedent to the right of the defendant to an action thereon were not properly averred to have been performed; because it was not averred that the defendant flows, or has flowed, as before the instrument was executed; because the award was not for damage for flowage in the summer season according to the submission; and because the extent of the flowing for which damages were or should be paid was not made sufficiently definite and certain by the award, did not conform to the submission and was invalid.

In the Superior Court *Allen*, J., overruled the demurrer, and the defendant filed an answer in which, among other things, he alleged that until 1870 the plaintiff was not owner of the land flowed but was tenant thereof in common with others.

At the trial the award, which was in the terms set forth in the declaration, was put in evidence. The defendant introduced evidence that at the time of the submission and award the plaintiff was a tenant in common with other persons, being seised in fee of only four fifths of the meadow; that in 1855 when some of his co-tenants were minors, the plaintiff arranged with some person or persons, members of the family, but not guardians, that when the minors became of age they should release their title to him (but it did not appear that this arrangement was made with any person or authority that could make a legal and binding contract in relation thereto); and that under this arrangement the plaintiff occupied and improved the premises from 1855 to 1870, when he purchased the rights of his co-tenants, and received from them a quitclaim deed thereof. The defendant contended that if the plaintiff was the owner of only four fifths of the premises at the time of the bond and award, the bond and award, expressed as they were, would not be valid and binding; but the judge ruled that, notwithstanding the fact that the title so stood, the plaintiff's occupancy of the premises in the manner described gave

him sufficient authority, and such fact would not affect the bond or award.

John Crane, one of the referees, testified that in making their award the referees only estimated damages caused by flowage in the summer season, and took no account of winter flowage, which was by another dam some seven feet higher than the one used in the summer. The defendant asked him why he did not specify in his award that the damages were for summer flowage, but the judge ruled that the evidence was not admissible.

The judge directed the jury, if they found for the plaintiff, to ascertain how much of the penal sum was then due in equity and good conscience; and he instructed them that the statute of limitations did not apply to the case, and that they should include in their estimate the yearly damages for the whole period covered by the award.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

*H. J. Fuller,* for the plaintiff.

AMES, J. The instrument set forth in the declaration was properly described as a bond. *Hubbell* v. *Bissell,* 2 Allen, 196. Each party bound himself to the other in a penal sum; the condition of the obligation being that it should become void, as to the defendant, if he should make such payments as the award of the referees should determine; and as to the plaintiff, if he should accept such payments as his compensation for the flowage upon his lands. The bond and its conditions are set forth in full in the declaration, and the demurrer does not point out any particulars in which the conditions were not properly averred to have been performed. The award, as alleged in the declaration, was in conformity to the terms of the submission, and had the effect to give to the defendant the right to flow the plaintiff's lands upon the terms prescribed by the referees. The parties in terms authorized the referees to decide as to the amount of damages for " the three last years," and also the amount of yearly damage for the future, without limiting either to the summer season; and did not require them to define the extent of the right of flowing.

The declaration sets forth with sufficient certainty that the award was made, and what were its terms; that the defendant has exercised the right continuously since the date of the award; and that he has not made the payments which it required him to make. The demurrer was therefore rightly overruled.

By the terms of the bond, in which the plaintiff is described as the owner of the land, the defendant admits the plaintiff's title, and is estopped to controvert it. The plaintiff was lawfully occupying the whole of the premises, and was the owner in fee of four undivided fifth parts of them. The fact that he did not then own the remaining fifth part in fee would not affect the bond or the award.

The statute of limitations is not a bar to the action. *Austin* v. *Moore*, 7 Met. 116.

The testimony of Crane, one of the referees, that they estimated damages for flowing in summer only, was admitted without objection; and the question put to him by the defendant, as to the reasons why it was not so specified in the award, does not appear by the bill of exceptions to have been material, either by way of impeaching the credit of the witness, or otherwise.

*Exceptions overruled.*